IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

PENNSYLVANIA INTERNATIONAL          )
EDUCATION SERVICE GROUP, LLC,       )
                                    )
     Plaintiff,                     )
                                    )
     v.                             )     1:14cv1203 (JCC/MSN)
                                    )
PETER XIE, et al.,                  )
                                    )
     Defendants.                    )

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on the collective Defendants' Motion to Dismiss and Motion for Rule 11 Sanctions. [Dkts. 5, 8.]  For the following reasons, the Court will deny both motions.

### **I. Background**

Plaintiff Pennsylvania International Education Service Group, LLC d/b/a PIESG China ("Plaintiff") filed this lawsuit against Defendants Peter Xie, a.k.a. Yantao Xie ("Mr. Xie"), Pennsylvania International Education Service Group, LLC ("PIESG US"), and UC Educations, LLC (collectively "Defendants"), alleging, inter alia, that Defendants breached a partnership agreement with Plaintiff, which was entered into for the purpose of operating an international exchange student program between China and the United States.  (Compl. [Dkt. 1] at ¶¶ 7-10.)

1

Generally, Plaintiff claims that Defendants breached the agreement when Mr. Xie failed to pay 50% of the net profits owed. (Id. at ¶ 10.) In the Complaint, Plaintiff pleads seven causes of action under Virginia[1] law: (1) breach of partnership agreement (id. at ¶¶ 7-16); (2) breach of fiduciary duties (id. at ¶¶ 17-22); (3) accounting of partnership expenses and net profits and/or judicial accounting (id. at ¶¶ 23-26); (4) restitution as remedy for unjust enrichment (id. at ¶¶ 27-32); (5) constructive trust (id. at ¶¶ 33-38); (6) declaratory judgment on dissociation and dissolution of partnership (id. at ¶¶ 39-42); and (7) injunctive relief (id. at ¶¶ 43-45). Plaintiff seeks approximately $600,000 in monetary damages, in addition to other equitable relief. (Id. at 11-12.)

    Defendants filed the motion to dismiss on December 22, 2014 and the motion for sanctions on January 14, 2015. (Defs.' Mot. to Dismiss [Dkt. 5]; Defs.' Mot. for Sanctions [Dkt. 8].) Defendants' noticed a hearing on the motion to dismiss for 10:00 a.m. on February 12, 2015. [Dkt. 6.] On February 11, 2015 at 11:04 p.m. EST, less than twelve hours before the hearing, Plaintiff filed an opposition memorandum. (Pl.'s Opp'n [Dkt. 12].) The following morning, the Court held the hearing, scheduled almost a month in advance, with all counsel present.

---

[1] Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a) and alleges there is complete diversity between the parties. (Compl. ¶¶ 1-6.)

[Dkt. 13.]  To allow for full briefing on the merits of the pending motions, the Court continued the hearing until March 5, 2015, and imposed monetary sanctions on Plaintiff for defense counsel's fees associated with the appearance at the motion hearing.  (Order [Dkt. 14].)  With briefing now complete, the motions are ripe for disposition.

## II. Legal Standard

### A. Rule 12(b)(6)

A court reviewing a complaint on a Rule 12(b)(6) motion must accept well-pleaded allegations as true, and must construe all allegations in favor of the plaintiff.  See Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994).  "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, [it] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  Butler v. United States, 702 F.3d 749, 752 (4th Cir. 2012) (citations and internal quotation marks omitted).  However, the court need not accept as true legal conclusions disguised as factual allegations.  Ashcroft v. Iqbal, 556 U.S. 662, 679-81 (2009).  The plaintiff's facts must "be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Typically, the Court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on

3

a motion to dismiss." Bosiger v. U.S. Airways, 510 F.3d 442, 450 (4th Cir. 2007). However, under Rule 12(d), when ruling on a Rule 12(b)(6) motion, it is within the Court's discretion to consider matters outside the pleadings, but if the Court does so, "the motion must be treated as one for summary judgment under Rule 56 . . . [and all] parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp., 109 F.3d 993, 997 (4th Cir. 1997). In general, district courts will make this conversion if the extra-pleading material is comprehensive and facilitates disposition of the action pursuant to Rule 56. 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1336 (3d ed. 1998). Otherwise, when the extraneous material is inconclusive and not dispositive, district courts typically reject the conversion and resolve the motion pursuant to Rule 12(b)(6). Id.

      B. Rule 11

      Rule 11 of the Federal Rules of Civil Procedure guards against frivolous filings in the interest of judicial economy and efficiency. See, e.g., Pinpoint IT Servs., LLC v. Atlas IT Export Corp., 802 F. Supp. 2d 691, 693 (E.D. Va. 2011) (citation omitted). By signing a pleading, an attorney makes three promises to the Court: (1) he or she has read the pleading, motion or other paper; (2) to the best of his or her knowledge,

4

after a reasonable inquiry, the pleading is well-grounded in fact and is warranted by existing law or has a good faith argument for the extension, modification, or reversal of existing law; and (3) the pleading is not intended for any improper purposes, such as to harass, cause unnecessary delay, or increase the cost of litigation. Fed. R. Civ. P. 11. "If a pleading . . . is signed in violation of this rule, the court . . . shall impose upon the person who signed it . . . an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading . . . including a reasonable attorney's fee." Id.

"In order to determine 'good faith' and 'improper motive' under Rule 11, a court must judge the attorney's conduct under an objective standard of reasonableness rather than by assessing subjective intent." Stevens v. Lawyers Mut. Liability Ins. Co. of N. Carolina, 789 F.2d 1056, 1060 (4th Cir. 1986) (citation omitted). Stated differently, a legal position is "unjustified when a reasonable attorney would recognize it as frivolous." In re Sargent, 136 F.3d 39, 352 (4th Cir. 1998) (quotations and citation omitted). And such a position or pleading violates Rule 11 if "it has absolutely no chance of success under the existing precedent." Id. (citations omitted). District courts have discretion to ensure the imposed sanction

5

is tailored to compensate, punish, or deter the conduct at issue. See, e.g., Weisman v. Alleco, Inc., 925 F.2d 77 (4th Cir. 1991). Moreover, any sanction imposed pursuant to Rule 11 is typically entitled to deference by the appellate court. Stevens, 789 F.2d at 1060 (citing Nelson v. Piedmont Aviation, Inc., 750 F.2d 1234, 1238 (4th Cir. 1984)).

### III. Analysis

#### A. Motion to Dismiss Pursuant to Rule 12(b)(6)

Defendants ask the Court to dismiss the Complaint and argue, quite simply, that there was never a partnership with Plaintiff that could give rise to any of the seven causes of action stated in the Complaint. (Defs.' Mot. at 3-4.) Defendants claim there was no partnership because the parties never signed a written partnership agreement. (Id. at 3.) Defendants also ask that the Court dismiss the Complaint against Defendant Peter Xie "in his personal capacity." (Id. at 5-6.) Defendants argue that Mr. Xie "operated his international exchange student business as a limited liability company" and that therefore, he cannot be held liable in his personal capacity, absent a "piercing of the corporate veil." (Id. at 5.) In support of both arguments, Defendants have attached a seven-page "Affidavit of Peter Xie" to their motion. (Defs.' Mot. Ex. 1 [Dkt. 5-1] at 1-7.) In opposition, Plaintiff attached a six-page affidavit from Ms. Mary Ma, who purportedly

6

is the principal/member of PIESG China. (Pl.'s Opp'n Ex. 1 [Dkt. 12-1] at 1-6.)

On the outset, the Court will not consider the attached affidavits and declines the parties' invitation to convert this Rule 12(b)(6) motion to a motion for summary judgment under Rule 56. (See Defs.' Mot. at 4.) This litigation is still in the early stages. An answer has yet to be filed. Discovery has not yet occurred. And the only evidence now before the Court is what the Court construes as two self-serving affidavits from adverse parties. At this stage, summary judgment is entirely inappropriate. See, e.g., Sebrite Agency, Inc. v. Platt, 884 F. Supp. 2d 912, 916 (D. Minn. 2012) (declining to convert defendants' motion to dismiss into one for summary judgment because the "case is in its infancy, the parties have engaged in no discovery, and many of the disputes will clearly turn on the credibility of witnesses.") (citing Evans v. McDonnell Aircraft Corp., 395 F.2d 359, 361 (8th Cir. 1968); Fed. R. Civ. P. 12(d)). Accordingly, the Court addresses Defendants' arguments under Rule 12(b)(6) and will not consider the attached affidavit of named-Defendant Mr. Peter Xie, nor will it consider the opposition affidavit of Ms. Mary Ma.

In short, the Court must deny the motion to dismiss at this stage because when accepting Plaintiff's allegations in the Complaint as true, Plaintiff manages to state a claim for

7

relief. Defendants' motion rests solely on the argument that a partnership never existed between the parties, mainly because "the parties never signed a written partnership agreement." (Defs.' Mot. at 1-4.) But under Virginia law, an express agreement is not required to form a partnership. Instead, "the association of two or more persons to carry on as co-owners of a business for profit forms a partnership, whether or not the persons intend to form a partnership." Va. Code § 50-73.88(A). Stated differently, two or more people can unintentionally form a partnership, so long as they carry on as co-owners of a business for profit. Here, the Complaint alleges facts -- which are true for purposes of this motion -- that a partnership did exist between the parties. Specifically:

> PIESG China acting by its principal and member Ms. Mary Ma, entered into certain Partnership Agreement with Defendant, namely, Yantao Xie a.k.a. Peter Xie, carried on as co-owners [sic] the business of U.S.-China education exchange and international student placement services for profit under the name or trade of "Pennsylvania International Education Service." VA Code § 50-73.88, et seq.

(Compl. ¶ 7.)

As legal support for their argument, Defendants cite cases that evaluate the sufficiency of the evidence to determine whether a partnership existed. (See Defs.' Mot. at 4 (citing Cooper v. Spencer, 238 S.E.2d 805 (Va. 1977); Cullingsworth v.

8

Pollard, 111 S.E.2d 810 (Va. 1960); In re Belle Isle Farm, 76 B.R. 85 (Bankr. E.D. Va. 1987)). Indeed, during oral argument on the motion, counsel repeatedly referenced "evidence" in the record, but failed to address the allegations in the Complaint. That is not the standard upon which the Court must decide Defendants' motion to dismiss under Rule 12(b)(6). At this stage, the Court must accept well-pleaded allegations as true, and must construe all allegations in favor of the plaintiff. See Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). Under this standard, the Court must find that Plaintiff's Complaint sufficiently pleads facts that a partnership existed.

Similarly, the Complaint sufficiently alleges that Plaintiff entered into this Partnership with named-Defendant Peter Xie. (See Compl. ¶ 7.) Thus, there is also no basis at this stage in the litigation to "dismiss the Complaint against him in his personal capacity" as Defendants request. This litigation appears to be the classic "he said-she said" dispute, where one party claims a partnership existed, while the other party claims it did not. This dispute centers on the credibility of witnesses and their testimony, which at this early stage in the proceeding, is not yet properly before the Court. Accordingly, the Complaint survives Defendants' motion.

In denying Defendants' motion to dismiss under Rule 12(b)(6), the Court is not addressing the merits of Plaintiff's

claims; indeed, it cannot. Butler, 702 F.3d at 752. Instead, Plaintiff's Complaint contains enough factual matter, when taken as true, to suggest that a partnership existed, which means Plaintiff is entitled to discovery that will either support or disprove these allegations. Twombly, 550 U.S. at 556-57.

### B. Motion for Sanctions Pursuant to Rule 11

Defendants ask the Court to impose sanctions in the form of an award of attorneys' fees against Plaintiff and Plaintiff's counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure because Plaintiff and Plaintiff's counsel "have been on a campaign to harass Peter Xie, to harm his business, and to defame his reputation." (Mot. for Sanctions [Dkt. 8] at 2.) Defendants claim Plaintiff, through its principal Ms. Mary Ma, has sent false and fraudulent e-mails to school officials to injure Mr. Xie's reputation, and that Plaintiff's counsel should also be liable for sanctions "because they improperly assisted Ms. Ma when there is no evidentiary basis that a partnership agreement ever existed between Ms. Ma and Mr. Xie." (Id. at 2-3.) Plaintiff opposes Defendants' motion. (Pl.'s Sanctions Opp'n [Dkt. 12].)

Again, at this early stage in the proceeding, the Court is without sufficient information to make a determination as to whether counsel properly filed this lawsuit against Mr. Xie, with an independent basis in law and fact, and not for any

10

improper purpose. By signing the Complaint, counsel certifies the propriety of the claims therein under Rule 11. At the Rule 12(b)(6) stage, as discussed above, the Court accepts Plaintiff's allegations as true and finds them sufficient to state a claim for relief. Stated differently, under Rule 11, there is nothing before the Court to suggest the pleading "has absolutely no chance of success under the existing precedent." In re Sargent, 136 F.3d 39, 352 (4th Cir. 1998) (quotations and citation omitted). Accordingly, the Court will deny the motion for sanctions at this time without prejudice to Defendants' right to re-file such a motion when this litigation concludes, but only if necessary and proper.

### IV. Conclusion

For these reasons, the Court will deny Defendants' Motion to Dismiss and Motion for Sanctions.

An appropriate Order shall issue.

|  | /s/ |
|---|---|
| March 11, 2015 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |