IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

PENNSYLVANIA INTERNATIONAL       )
EDUCATION SERVICE GROUP, LLC,    )
                                 )
    Plaintiff,                   )
                                 )
       v.                        )     1:14cv1203 (JCC/MSN)
                                 )
PETER XIE, et al.,               )
                                 )
    Defendants.                  )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on the collective Defendants' Motion for Joinder. [Dkt. 25.] For the following reasons, the Court will grant the motion.

**I. Background**

Plaintiff Pennsylvania International Education Service Group, LLC d/b/a PIESG China ("PIESG China") filed this lawsuit against Defendants Peter Xie ("Mr. Xie"), Pennsylvania International Education Service Group, LLC ("PIESG US"), and UC Educations, LLC ("UC Educations") (collectively "Defendants"), alleging, inter alia, that Defendants breached a partnership agreement with PIESG China, a Limited Liability Company, which was entered into for the purpose of operating an international exchange student program between China and the United States.

1

(Compl. [Dkt. 1] at ¶¶ 7-10.)  PIESG China claims[1] that Defendants breached the agreement when they failed to pay net profits owed, and requests monetary damages, in addition to other equitable relief.  (Id. at 3, 10-12.)

On March 18, 2015, after the Court denied Defendants' motion to dismiss, Defendants filed an Answer to the Complaint with Counterclaims,[2] alleging generally that there never was a partnership agreement, but that instead, PIESG China conspired with others to interfere with Defendants' international exchange student business.  (Answer & Countercl. [Dkt. 24] at 5-11.)  Specifically, Defendants filed counterclaims against named-Plaintiff PIESG China and Ms. Mary Ma, a non-party.  Defendants request compensatory and punitive damages and both PIESG China and against Mary Ma.  (Id. at 11.)

On March 27, 2015, Defendants filed a Motion for Joinder "pursuant to Rule 19 of the Federal Rules of [Civil] Procedure . . . request[ing] that the Court join Mary Ma as the proper plaintiff to this action and, if Ms. Ma refuses to join

---

[1] Specifically, PIESG China pleads seven "causes of action" under Virginia law against Defendants: breach of the partnership agreement, breach of fiduciary duties, accounting of partnership expenses and net profits and/or judicial accounting, restitution as a remedy for unjust enrichment, constructive trust, declaratory judgment on dissociation and dissolution of partnership, and injunctive relief.  (Id. at ¶¶ 7-45.)

[2] Defendants plead three counts: tortious interference with contract, breach of fiduciary duty, and conspiracy to injure another in trade, business, or profession. (Answer & Countercl. at 5-11.)

the action as a party, that the Court dismiss the action because Ms. Ma is necessary and [an] indispensable party to this action." (Defs.' Mot. [Dkt. 25] at 1.) PIESG China, for reasons not clear to the Court, opposes Defendants' motion, argues that Ms. Ma is neither necessary nor indispensable, and asks that the Court deny the motion. (Pl.'s Opp'n [Dkt. 30].) Defendants filed a reply brief in support of their motion. (Defs.' Reply [Dkt. 31].) For the reasons discussed below, the Court will grant the motion because Mary Ma should be and can be joined in this action.

## II. Standard of Review

"When a party to a federal lawsuit moves to join a nonparty resisting[3] joinder, the district court must answer three questions: Should the absentee be joined? If the absentee should be joined, can the absentee be joined? If the absentee cannot be joined, should the lawsuit proceed without her nonetheless?" W. Md. Ry. Co. v. Harbor Ins. Co., 910 F.2d 960, 961 (D.C. Cir. 1990) (citations omitted). Rule 19 of the Federal Rules of Civil Procedure mirrors this "analytical sequence that district courts follow in deciding a party-joinder question." 7 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1604 (3d ed. 2015). To determine whether an absentee party is

---

[3] Without an affirmative statement from Defendants, and given PIESG's opposition to the motion for joinder, the Court assumes that Mary Ma resists joinder in this action.

3

necessary and should be joined, Rule 19 provides in relevant part:

> **(a) Persons Required to Be Joined if Feasible.**
>
> **(1) Required Party.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction <u>must</u> be joined as a party if:
>
> **(A)** in that person's absence, the court cannot accord complete relief among existing parties . . . .

Fed. R. Civ. P. 19 (emphasis added).  "'Complete relief' is any relief that 'will effectively and completely adjudicate the dispute.'"  <u>Pettiford v. City of Greensboro</u>, 556 F. Supp. 2d 512, 518 (M.D.N.C. 2008) (citing <u>Wright & Miller</u>, at § 1604).  If the party should be joined and can be joined without depriving the court of subject-matter jurisdiction, the Court <u>must</u> order joinder.  <u>Teamsters Local Union No. 171 v. Keal Driveway Co.</u>, 173 F.3d 915, 917-18 (4th Cir. 1999).

If the party cannot be joined, either because the absentee is not subject to service of process or because joinder would destroy complete diversity, only then must the Court determine whether the absentee party is "indispensable" under Rule 19(b).  <u>Home Buyers Warranty Corp. v. Hanna</u>, 750 F.3d 427, 434 (4th Cir. 2014) (determining "whether the proceeding can continue in that party's absence") (quoting <u>id.</u>).  Rule 19 also governs the joinder of additional parties to a counterclaim or

crossclaim. See Fed. R. Civ. P. 13(h) ("Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim."); see also . "[I]ndividuals jointly and severally liable and parties conspiring with an original party to the suit have been permitted to be joined." Independence Tube Corp. v. Copperweld Corp., 74 F.R.D. 462, 467 (N.D. Ill. 1977) (citations omitted).

### III. Analysis

Defendants contend that Mary Ma is a necessary party to this litigation and that the Court cannot accord complete relief against the existing parties without Mary Ma. (Defs.' Mem. at 2.) In their Counterclaims against PIESG China and Mary Ma, Defendants claim that as an employee of PIESG US and UC Educations, Mary Ma tortuously interfered with various contracts, breached fiduciary duties owed to the LLCs, and conspired with others to cause damage to the business of Defendants. (Answer & Countercl. ¶¶ 47-82.) Defendants request compensatory and punitive damages against PIESG China and Mary Ma. (Id. at 11-12.) Consequently, Defendants argue under Rule 19(a)(1)(A) that the Court cannot accord complete relief among the existing parties and instead needs to join Mary Ma as a party. (Defs.' Mem. at 2-4.) The Court agrees that Mary Ma should be joined. See Harbor Ins. Co., 910 F.2d at 961.

Not only do Defendants bring three Counterclaims against PIESG China and Mary Ma, but the original complaint references Mary Ma no less than seven different times. (See Compl. at 1, 2, 4, 10, 12, 14.)  Indeed, Mary Ma is the principal and sole member of PIESG China. (Id. at ¶ 1.) This initial decision is "predicated on the policies of 'avoiding multiple litigation, providing the parties with complete and effective relief in a single action and protecting the absent persons from the possible prejudicial[4] effect of deciding the case without them.'" Lion Petroleum of Mo., Inc. v. Millennium Super Stop, LLC, 467 F. Supp. 2d 953, 956 (E.D. Mo. 2006) (quoting 7 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1064 (3d ed. 2015)). Here, denying joinder of Mary Ma would require Defendants to file a separate legal action against her, thus causing duplicitous litigation when ultimately, this dispute arises out of the same transaction and occurrence of facts that should be resolved in this single action.

Moreover, it is feasible for the Court to join Mary Ma, a resident of the People's Republic of China, because she is subject to service of process and her joinder will not destroy complete diversity in this action. Fed. R. Civ. P. 19(a)(1).

---

[4] Defense counsel admitted during oral argument that there was no prejudice to Mary Ma joining this action as a counter-defendant.

6

First, China is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. See Convention on Service Abroad of Judicial and Extrajudicial Documents, T.I.A.S. No. 6638, 20 U.S.T. 361, 2969 WL 97765; see also China (Hong Kong) - Other Authority (Art. 18) & Info., http://www.hcch.net/index_en.php?act=authorities.details&aid=393 (last visited April 23, 2015) (listing practical information for effectuating service in China). Thus, Defendants could serve process on Mary Ma, a resident of China, in accordance with Rule 4(f)(1) of the Federal Rules of Civil Procedure.

Second, Mary Ma's citizenship in China maintains complete diversity in this action. PIESG China is an LLC registered under the laws of Pennsylvania, Mary Ma is a resident of China, and Defendants are all residents of Virginia: Peter Xie is a resident and citizen of Virginia, PIESG US is a Virginia LLC, and UC Educations is a de-registered Virginia LLC. (See Compl. ¶¶ 1-4.) Accordingly, because Mary Ma should be joined as a party to this action and because such joinder will not destroy subject matter jurisdiction, the Court will grant Defendants' motion and join Mary Ma as a Counterclaim Defendant.[5] Teamsters Local Union No. 171 v. Keal Driveway Co., 173 F.3d

---

[5] In the alternative, even though the requirements of Rule 19(a)(1)(A) have been satisfied, the Court would find that Mary Ma is indispensable to this proceeding under the Rule 19(b)(2) factors. See Home Buyers Warranty Corp. v. Hanna, 750 F.3d 427, 434 (4th Cir. 2014).

915, 917-18 (4th Cir. 1999).  For the benefit of all parties, the Court notes that "[a] court with proper jurisdiction may also consider sua sponte the absence of a required person and dismiss for failure to join."  Republic of Philippines v. Pimentel, 553 U.S. 851, 861 (2008) (citing Minnesota v. N. Sec. Co., 184 U.S. 199, 235 (1902); Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 111 (1968)).  Accordingly, if either party fails to comply with the Court's directives in the accompanying Order, that party's claims will be dismissed.

### IV. Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion for Joinder. An appropriate Order shall issue.

|  |  |
|---|---|
| May 11, 2015<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |